MICHAEL S. AMATO
RUSKIN MOSCOU FALTISCHEK, P.C.
East Tower, 15th Floor
1425 RXR Plaza
Uniondale, New York 11556-1425
(516) 663-6600

*Attorney for Montebello Food Corp.*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:                                                                    Chapter 11

PRIMA PASTA & CAFÉ, INC.                               Case No. 15-43802 (ESS)

                       Debtor.
-------------------------------------------------------X

## OPPOSITION TO DEBTOR'S OBJECTION AND MOTION TO DISALLOW CLAIM OF MONTEBELLO FOOD CORP. (CLAIM 3) PURSUANT TO 11 U.S.C. § 502(b) AND BANKRUPTCY RULES 3001 AND 3007

Montebello Food Corp. ("Montebello") by its counsel Ruskin Moscou Faltischek, P.C., submits this Opposition ("Opposition") to Debtor's Objection and Motion to Disallow Claim of Montebello Food Corp. (Claim 3 – the "Montebello Claim") Pursuant to 11 U.S.C. § 502(b) and Bankruptcy Rules 3001 and 3007 ("Motion"), and respectfully states as follows:

### SUMMARY OF OPPOSITION

1.      Debtor's Motion must be denied in its entirety. Montebello filed a valid secured proof of claim in this case. The Debtor may not use this bankruptcy proceeding to re-litigate issues that were addressed in a prior pending state court proceeding. The Debtor had a full and fair opportunity to litigate the issues related to the Montebello Claim in state court. The state court entered a default judgment in favor of Montebello based upon the Debtor's failure to appear at trial, after Debtor had appeared and participated in the litigation. Thereafter, the state

641603

court denied both the Debtor's motion to re-open the default, and a second motion to stay enforcement of the judgment.

2.    Based upon the foregoing, the Motion must be denied in its entirety.

### BACKGROUND

3.    Montebello commenced an action against the Debtor in Supreme Court, State of New York, County of Queens, Index No. 15551/2012, styled *Montebello Food Corp. v. Prima Paste and Café, Inc.* (the "State Court Action"). A copy of the E-Court Web Civil Supreme-Appearance Detail is annexed hereto as Exhibit "A."

4.    The Debtor filed an answer in the case, and a Preliminary Conference was held on June 12, 2013. (E-Court Web Civil Supreme-Appearance Detail - Exhibit A).

5.    A Compliance Conference was held on November 16, 2013. (E-Court Web Civil Supreme-Appearance Detail - Exhibit A).

6.    The Note of Issue was filed on May 2, 2014, indicating that the case was ready to proceed to trial. (E-Court Web Civil Supreme-Appearance Detail - Exhibit A).

7.    On October 21, 2014, the state court held a Pre-Trial Conference. (E-Court Web Civil Supreme-Appearance Detail - Exhibit A).

8.    On December 16, 2014, after appearing in and defending the matter for over a year, the Debtor failed to appear at the "trial scheduling part" on the adjourned trial date. The clerk noted Debtor's default. (E-Court's Web Civil Supreme-Appearance Detail - Exhibit A).

9.    On January 13, 2015, the Supreme Court, County of Queens entered judgment in favor of Montebello in the amount of $75,220.70. A copy of the Judgment and Bill of Costs is annexed hereto as Exhibit "B."

10.    On March 20, 2015, the Debtor moved to vacate the judgment. By Order dated

July 6, 2015, Judge Allan B. Weiss, J.S.C. denied the Debtor's motion. A copy of the Order is annexed hereto as Exhibit "C."

11. Thereafter, on July 17, 2015, Debtor filed in the state court an Order to Show Cause to stay enforcement of the judgment. That motion also was denied by Judge Weiss. A copy of the Web Civil Supreme-Motion Detail is annexed hereto as "Exhibit "D."

## ARGUMENT

12. Clearly, there is no basis to vacate or expunge the Montebello Claim. The Debtor is collaterally estopped from attacking the state court judgment in the Bankruptcy Court.

13. Initially, the Court should note that the State Court Action was an action for goods sold and delivered to the Debtor. As of the date of this opposition, the Debtor has failed to supply any evidence that it made any payment for the goods sold and delivered by Montebello to the Debtor.

14. Further, the Debtor appeared and defended the State Court litigation for more than sixteen (16) months. After the Judgment was entered, the Debtor then brought two (2) separate applications to vacate the judgment, and stay enforcement, respectively. Each of those motions were denied.

15. Bankruptcy courts give preclusive effect to pre-bankruptcy judgments under the following circumstances:

> (i) the issues sought to be precluded are identical to those involved in the prior action;
> (ii) the issues determination in the prior action was essential to the prior judgment;
> (iii) the judgment was a valid and final judgment; and
> (iv) the issues were actually litigated.

*In re Ahmed,* 359 B.R. 34 (Bankr. E.D.N.Y. 2005), *In re Baer,* 161 B.R. 334, 337 (Bankr. E.D.N.Y. 1993).

641603

16.     In an action where the preclusive effect of a default judgment is in question, the court considers additional considerations. *In re Ahmed*, 359 B.R. at 44; *In re Wright,* 187. B.R. 826, 834 (Bankr. D. Conn. 1995). In *In re Ahmed,* the Court held that where the debtor defaulted at trial but objected to the district court magistrate's report and recommendation, the court held that the issues were otherwise placed in issue and actually determined in the prior pending litigation. *Id.*

17.     In the present matter, the Debtor appeared and defended the State Court Action. Debtor refused to appear on the adjourned trial date, and the Court entered the default judgment. However, thereafter, the Debtor moved to vacate the default. In the July 6, 2015 decision, Judge Weiss specifically held that:

> "Even if the court accepted counsel's excuse of law office failure, the defendant has failed to demonstrate even an arguably meritorious defense. . . .The affidavit of Anthony Modica, president of the defendant, containing his conclusory assertion that the bills were paid is insufficient to demonstrate a potentially meritorious defense.

See July 6, 2015 decision, Exhibit "C."

## CONCLUSION

18.     As set forth above, the Debtor had a full and fair opportunity to litigate the issues related to the Montebello Claim. The Debtor may not use the Bankruptcy process to re-litigate issues that were properly adjudicated in the State Court Action.

641603

**WHEREFORE**, based upon the foregoing, Montebello respectfully requests that the Court deny all of the relief requested in the Motion, together with such other and further relief as this Court deems just and proper.

Dated: Uniondale, New York
July 14, 2016

                                              RUSKIN MOSCOU FALTISCHEK, P.C.
                                              *Attorneys for Montebello Food Corp.*

By: _____
       Michael S. Amato
       East Tower, 15th Floor
       1425 RXR Plaza
       Uniondale, NY 11556-1425
       (516) 663-6600

641603