UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re

PRIMA PASTA & CAFE, INC.,

                                      Debtor.

-----------------------------------------------------------x

Chapter 11

Case No. 15-43802 (ESS)

## DECLARATION OF WILLIAM E. CURTIN

Pursuant to 28 U.S.C. § 1746, William E. Curtin declares as follows:

1. I am a trial attorney in the Office of the United States Trustee for Region 2. I am assigned to this matter by my office and as such, have knowledge and information about the Chapter 11 bankruptcy case of Prima Pasta & Café, Inc. (the "Debtor"). I submit this Declaration in support of the Motion of the United States Trustee to Dismiss This Case or, in the Alternative, Convert This Chapter 11 Case to Chapter 7, pursuant to 11 U.S.C. § 1112 (the "Motion").

**Procedural History**

2. On August 18, 2015 (the "Petition Date"), the Debtor commenced this case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code. ECF Doc. No. 1.

3. The United States Trustee was unable to form an unsecured creditors' committee in the Debtor's case.

4. The United States Trustee has not appointed a trustee, and the Debtor remains in control and possession of its assets as a debtor-in-possession.

**Assets and Liabilities**

5.  The Debtor scheduled no real property, and scheduled personal property, consisting entirely of "Business Equipment/Supplies," with an aggregate value of $150,000.00. ECF Doc. No. 11, Schedules A and B.

6.  The Debtor scheduled no secured claims, one priority unsecured claim in an unknown amount, and two general unsecured claims in the aggregate amount of $244,782.75. ECF Doc. No. 11, Schedules D, E and F.

7.  By Order dated January 22, 2016, the Court established March 2, 2016 as the last day for creditors to file claims. ECF Doc. No. 25.

8.  To date, three claims, in the aggregate amount of $80,312.03; have been filed against the Debtor. See Claims Register, Claim No. 1-3.

**Deficiencies in Debtor's Case**

9.  On August 21, 2015, the United States Trustee sent the Debtor a letter (the "August 21st Letter") enclosing a copy of the United States Trustee Operating Guidelines (the "Guidelines"). The Guidelines outline the requirements for debtors-in-possession, including the obligation to provide proof of insurance, file monthly operating reports and pay quarterly fees to the United States Trustee.

10. On September 17, 2015, the United States Trustee held an Initial Debtor Interview (the "Initial Debtor Interview"). The Debtor's principal attended the Initial Debtor Interview and was advised of the Guidelines, including the obligation to timely provide proof of insurance, file monthly operating reports and pay quarterly fees.

11. On October 13, 2015, the United States Trustee held the meeting of creditors pursuant to 11 U.S.C. § 341 (the "Meeting of Creditors"). The Debtor's principal attended the

Meeting of Creditors and was again advised of the Guidelines, including the obligation to provide proof of insurance, timely file monthly operating reports and pay quarterly fees.

12. At the Initial Debtor Interview, the Debtor provided proof insurance, with an expiration date of August 1, 2016. See Ex. A.

13. By emails dated September 30, 2016 and October 6, 2016, the United States Trustee requested proof that the Debtor had renewed its insurance policy. See Ex. B and C.

14. To date, the Debtor has failed to respond to the United States Trustee' s requests for proof of insurance, and has not provided proof that it currently has insurance in place.

15. As of this date, the Debtor has failed to file its September 2016 monthly operating report, which is currently past due. The October 2016 monthly operating report is due prior to the return date of this Motion.

16. The Debtor is currently delinquent on the payment of quarterly fees to the Office of the United States Trustee in the amount of $2,604.01. See 11 U.S.C. § 1930.

**The Plan and Disclosure Statement**

17. On June 13, 2016, the Debtor filed a chapter 11 plan. ECF Doc. No. 46. The Debtor did not file a disclosure statement.    18.    At a status conference on July 22, 2016, the Court directed the Debtor to file an amended chapter 11 plan by July 29, 2016. See ECF Docket, July 22, 106. The Debtor failed to meet this deadline.

19. On August 1, 2016, the Court issued an oral order (the "August 1st Order"), and so ordered the record, requiring the Debtor to file an amended chapter 11 plan and a disclosure statement by August 10, 2016. See ECF Docket, July 22, 2016. The Debtor failed to comply with the August 1st Order and meet this deadline.

20. On September 12, 2016, the Debtor filed an amended chapter 11 plan. ECF Doc. No. 53. The Debtor still did not file a disclosure statement.

21. At a status conference on September 12, 2016, the Court directed the Debtor to file a disclosure statement by September 19, 2016. See ECF Docket, September 12, 2016. The Debtor failed to meet this deadline and has, to date, still not filed a disclosure statement.

I declare under penalty of perjury that the information contained in this Declaration is true and correct to the best of my knowledge.

New York, New York
November 3, 2016

*/s/ William E. Curtin*
William E. Curtin